UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ISAN CONTANT,

                Plaintiff,                    **ORDER**
                                                  **09-CV-2851 (NGG)(LB)**

       - against -

CITY OF NEW YORK; POLICE OFFICER
WILLIAM WILSON, Shield # 22870; SERGEANT
DESMOND MILLER, Shield # 5126; and
DETECTIVE JOHN DOE,

                Defendants.

------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      The Court held an initial pretrial telephonic conference pursuant to Fed. R. Civ. P. 16 on December 15, 2009 and set April 5, 2010 as the deadline for the parties to complete all discovery. As discussed, defendants' counsel shall mail its initial disclosures to plaintiff. The Court granted plaintiff's request to amend his complaint, and directed plaintiff to file his amended complaint by January 29, 2010. See Fed. R. Civ. P. 16(b)(3)(A).

      Discovery is the process by which the parties request information from each other regarding their claims or defenses. Each party bears its own costs of conducting discovery. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since April 5, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants; plaintiff should never

send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. The Court grants defendants permission to depose plaintiff while he is incarcerated pursuant to Fed. R. Civ. P. 30(a)(2). An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiff may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. See Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention.

If the defendants intend to file a motion for summary judgment, defendants' counsel shall write to Judge Garaufis by May 5, 2010 to request a pre-motion conference.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 16, 2009
Brooklyn, New York