UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ISAN CONTANT,

                Plaintiff,                              **ORDER**
                                                    **09-CV-2851 (NGG)(LB)**

        - against -

CITY OF NEW YORK, POLICE OFFICER
WILLIAM WILSON, SERGEANT DESMOND
MILLER, SERGEANT EDWARD DEIGHAN,
POLICE OFFICER LANG, POLICE OFFICER
CHAPMAN, and THE PROPERTY CLERK OF
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The Court held a telephone conference on August 18, 2010. The Court set November 15, 2010 as the deadline for the parties to complete all discovery. Defendants' counsel informed the Court that plaintiff has not responded to discovery demands that were served on him in December 2009. Plaintiff shall respond to defendants' outstanding discovery demands by September 7, 2010.

        Plaintiff orally requested *pro bono* counsel. The Court denies plaintiff's request as plaintiff has not established the threshold requirement that his claim is "likely to be of substance" at this juncture.[1] Ferelli v. River Manor Health Care Center, 323 F. 3d 196, 204 (2d Cir. 2003).

        Discovery is the process by which the parties request information from each other regarding their claims or defenses. Each party bears its own costs of conducting discovery. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and

---

[1] Plaintiff previously requested *pro bono* counsel and the Court denied that request by Order dated April 29, 2010. See Docket Entries 20 and 21.

documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since **November 15, 2010** is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. The Court grants defendants permission to depose plaintiff while he is incarcerated pursuant to Fed. R. Civ. P. 30(a)(2). An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiff may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. See Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention.

If the parties intend to move for summary judgment, they shall write to Judge Garaufis by December 6, 2010 to request a pre-motion conference. Otherwise, the Court will schedule the parties' submission of the joint pretrial order.

SO ORDERED.

/Signed by Judge Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: August 19, 2010
       Brooklyn, New York